**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHGIAN**

| | |
|---|---|
| **DANIEL R. MORREN, SR.**<br>Plaintiff<br><br>**v**<br><br>**MORREN PLASTIC MOLDING, INC.** and<br>**TWIN BAY DOCKS, INC.**<br>Defendants. | Case No. 1:17-cv-00685<br><br>Hon. ________________ |

# COMPLAINT

Plaintiff Daniel R. Morren, Sr. ("Mr. Dan Morren"), for his Complaint against Defendants Morren Plastic Molding, Inc. ("MPM") and Twin Bay Docks, Inc. ("Twin Bay") (collectively "Defendants"), alleges as follows:

## THE PARTIES

1. Mr. Dan Morren is an individual residing in Allendale, Michigan.

2. On information and belief, Morren Plastic Molding, Inc. is a corporation organized and existing under the laws of the State of Michigan and has a principal place of business in Coopersville, Michigan.

3. On information and belief, Twin Bay Docks, Inc. is a corporation organized and existing under the laws of the State of Michigan and has a principal place of business in Traverse City, Michigan.

## JURISDICTION AND VENUE

4. This action for patent infringement arises under the laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 271(1).

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

6. This Court has personal jurisdiction over MPM. MPM is a Michigan corporation and has its headquarters in Coopersville, Michigan.

7. Upon information and belief, MPM regularly transacts business within the Western District of Michigan, and has sufficient contacts with customers located in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 139l(c), 139l(d), and 1400(b). MPM is a Michigan corporation, and, thus, a resident of Michigan pursuant to 28 U.S.C. § 1400(b).

9. This Court has personal jurisdiction over Twin Bay. Twin Bay is a Michigan corporation and has its headquarters in Traverse City, Michigan.

10. Upon information and belief, Twin Bay regularly transacts business within the Western District of Michigan, and has sufficient contacts with customers located in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 139l(c), 139l(d), and 1400(b). Twin Bay is a Michigan corporation, and, thus, a resident of Michigan pursuant to 28 U.S.C. § 1400(b).

## PRODUCT DESIGN

12. MPM is a family owned business currently run by Mr. Nelson Morren.

13. Twin Bay is a customer of MPM.

14. In 2009, Mr. Dan Morren was employed at MPM.

15. In 2009, Mr. Bob Serschen of Twin Bay met with Mr. Nelson Morren at MPM to discuss Twin Bay's dock flooring supplier raising prices.

16. Mr. Dan Morren was introduced to Mr. Serschen and suggested to Mr. Serschen that they develop a new dock flooring design, patent it, and build a new tool mold.

17. Mr. Serschen liked this idea.

18. Mr. Nelson Morren instructed Mr. Dan Morren to design the new dock flooring.

19. After Mr. Dan Morren completed the new dock flooring design, he drove to Twin Bay with Mr. Nelson Morren and they presented it to Mr. Serschen.

20. Mr. Serschen approved of the new dock flooring design.

21. Mr. Nelson Morren instructed Mr. Dan Morren to obtain a patent on his new dock flooring design.

## MR. DAN MORREN'S PATENT

22. Mr. Morren's patent application for his new dock flooring design was filed on December 17, 2009, as U.S. Patent Application No. 29/352,216.

23. United States Design Patent No. D615,671 entitled "Diamond Pattern Dock Floor" ("the '671 Patent") was duly issued by the United States Patent and Trademark Office on May 11, 2010. A true and correct copy of the '671 Patent is attached as ***Exhibit A***.

24. The '671 Patent is owned by Mr. Morren.

25. The '671 Patent has not been assigned or licensed to anyone, including the defendants.

## INFRINGEMENT BY MPM AND TWIN BAY

26. In late 2009, a meeting was held at MPM where it was discussed how much MPM would pay Mr. Dan Morren for sales or products incorporating Mr. Dan Morren's new dock flooring design.

27. During this 2009 meeting, Mr. Nelson Morren proposed that Mr. Dan Morren receive a $1 per-part payment.

28. MPM and Twin Bay shared in the tooling cost for a mold to make parts incorporating Mr. Dan Morren's new dock flooring design.

29. MPM has and continues to make, use, import, offer to sell and/or sell in the United States a dock flooring product that infringes the '671 Patent, as illustrated by the photographs attached as ***Exhibit B*** ("the Accused Product").

30. Twin Bay has and continues to make, use, import, offer to sell and/or sell in the United States a dock flooring product that infringes the '671 Patent, as illustrated by the photographs attached as ***Exhibit C*** ("the Accused Product").

31. Upon information and belief, MPM sold over 10,000 pieces of a dock flooring product that infringes the '671 Patent in 2016.

32. Upon information and belief, Twin Bay is the primary customer of MPM who purchases the dock flooring product that infringes the '671 Patent.

33. MPM has not paid Mr. Dan Morren for any sales of dock flooring products that infringe the '671 Patent.

34. On March 2, 2017, Mr. Nelson Morren told Mr. Dan Morren that he owed Mr. Dan Morren "a lot of money" and they "needed to get this worked out."

35. Mr. Nelson Morren has refused to enter into a patent licensing agreement.

36. Upon information and belief, MPM was aware of the '671 Patent.

37. Upon information and belief, Twin Bay was aware of the '671 Patent.

38. MPM is also put on notice of its infringement of the '671 Patent by way of the filing and service of this Complaint.

39. Twin Bay is also put on notice of its infringement of the '671 Patent by way of the filing and service of this Complaint.

## COUNT I

### PATENT INFRINGEMENT OF THE '671 PATENT UNDER 35 U.S.C. § 271(A) BY MPM

40. Mr. Morren incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

41. MPM made, used, sold, or offered for sale, dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent.

42. The foregoing activities of MPM constitute infringement of the '671 Patent in violation of 35 U.S.C. § 271(a), and MPM will continue to infringe the '671 Patent until and unless enjoined by this Court.

43. MPM has, by its conduct, caused Mr. Dan Morren irreparable harm for which there is no adequate remedy at law.

44. Mr. Dan Morren has suffered damage as a result of MPM's infringement to date.

45. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

## COUNT II

### WILLFUL PATENT INFRINGEMENT OF THE '671 PATENT UNDER 35 U.S.C. § 271(A) BY MPM

46. Mr. Morren incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

47. MPM made, used, sold, or offered for sale, dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent.

48. The foregoing activities of MPM constitute infringement of the '671 Patent in violation of 35 U.S.C. § 271(a), and MPM will continue to infringe the '671 Patent until and unless enjoined by this Court.

49. MPM has, by its conduct, caused Mr. Dan Morren irreparable harm for which there is no adequate remedy at law.

50. MPM's infringement has been willful by making, using, selling or offering dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent with knowledge that its conduct was an infringement of Mr. Dan Morren's '671 Patent.

51. Mr. Dan Morren has suffered damage as a result of MPM's willful infringement to date.

52. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

## COUNT III

### PATENT INFRINGEMENT OF THE '671 PATENT UNDER 35 U.S.C. § 271(A) BY TWIN BAY

53. Mr. Morren incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

54. Twin Bay made, used, sold, or offered for sale, dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent.

55. The foregoing activities of Twin Bay constitute infringement of the '671 Patent in violation of 35 U.S.C. § 271(a), and MPM will continue to infringe the '671 Patent until and unless enjoined by this Court.

56. Twin Bay has, by its conduct, caused Mr. Dan Morren irreparable harm for which there is no adequate remedy at law.

57. Mr. Dan Morren has suffered damage as a result of Twin Bay's infringement to date.

58. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

## COUNT IV

### WILLFUL PATENT INFRINGEMENT OF THE '671 PATENT UNDER 35 U.S.C. § 271(A) BY TWIN BAY

59. Mr. Morren incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

60. Twin Bay made, used, sold, or offered for sale, dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent.

61. The foregoing activities of Twin Bay constitute infringement of the '671 Patent in violation of 35 U.S.C. § 271(a), and Twin Bay will continue to infringe the '671 Patent until and unless enjoined by this Court.

62. Twin Bay has, by its conduct, caused Mr. Dan Morren irreparable harm for which there is no adequate remedy at law.

63. Twin Bay's infringement has been willful by making, using, selling or offering dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent with knowledge that its conduct was an infringement of Mr. Dan Morren's '671 Patent.

64. Mr. Dan Morren has suffered damage as a result of Twin Bay's willful infringement to date.

65. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Mr. Dan Morren asks this Court:

A. Permanently enjoin MPM and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the Order, from infringing the '671 Patent and importing,

manufacturing, using, selling and/or offering for sale products or processes that infringe the '671 Patent.

B. Award Mr. Dan Morren monetary damages adequate to compensate Mr. Dan Morren for past infringement consistent with MPM's profits on its sale of dock flooring with the patent design pursuant to 35 U.S.C. § 289 but not less than a reasonable royalty under 35 U.S.C. § 284;

C. Treble the amount of damages assed in view of the willful infringement by MPM, together with costs and prejudgment interest;

D. Permanently enjoin Twin Bay and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the Order, from infringing the '671 Patent and importing, manufacturing, using, selling and/or offering for sale products or processes that infringe the '671 Patent.

E. Award Mr. Dan Morren monetary damages adequate to compensate Mr. Dan Morren for past infringement consistent with Twin Bay's profits on its sale of dock flooring with the patent design pursuant to 35 U.S.C. § 289 but not less than a reasonable royalty under 35 U.S.C. 284;

F. Treble the amount of damages assed in view of the willful infringement by Twin Bay, together with costs and prejudgment interest;

G. Award Mr. Dan Morren his reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

H. All other relief that this Court deems just and proper.

## JURY DEMAND

Mr. Dan Morren demands a trial by jury pursuant to Fed. R. Civ. P. 38, as to all claims and issues in this lawsuit.

Respectfully submitted,

Date: July 28, 2017

By: ***/G. Thomas Williams/***

G. Thomas Williams (P53734)
**MCGARRY BAIR PC**
45 Ottawa Ave. SW, Suite 700
Grand Rapids, MI 49503
Tel: 616/742-3500
Fax: 616/742-1010
Email: gtw@mcgarrybair.com
*Counsel for Plaintiff*