**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

DANIEL R. MORREN, SR.

Plaintiff,

v.

MORREN PLASTIC MOLDINGS, INC. and
TWIN BAY DOCKS, INC.

Defendants.

Case No. 1:17-cv-00685

Hon. Paul. L. Maloney

Magistrate Judge Phillip J. Green

---

**DEFENDANT MORREN PLASTIC MOLDING, INC.'S**
**ANSWER TO COMPLAINT, AFFIRMATIVE AND OTHER DEFENSES,**
**AND JURY DEMAND**

Defendant Morren Plastic Molding, Inc. ("MPM"), by and through their attorneys, Varnum LLP, answers Plaintiff's Complaint as follows:

**THE PARTIES**

1. Mr. Dan Morren is an individual residing in Allendale, Michigan.

**ANSWER:** **Admitted upon information and belief.**

2. On information and belief, Morren Plastic Molding, Inc. is a corporation organized and existing under the laws of the State of Michigan and has a principal place of business in Coopersville, Michigan.

**ANSWER:** **Admitted.**

3. On information and belief, Twin Bay Docks, Inc. is a corporation organized and existing under the laws of the State of Michigan and has a principal place of business in Traverse City, Michigan.

**ANSWER:** **MPM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

**JURISDICTION AND VENUE**

4. This action for patent infringement arises under the laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 271(1).

**ANSWER: Admitted only that Plaintiff purports to bring an action for patent infringement, but otherwise denies all liability.**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

**ANSWER: The allegations in this paragraph contain Plaintiff's legal conclusions to which no response is required.**

6. This Court has personal jurisdiction over MPM. MPM is a Michigan corporation and has its headquarters in Coopersville, Michigan.

**ANSWER: The allegations in this paragraph contain Plaintiff's legal conclusions to which no response is required. By way of further response, admitted only that MPM is a Michigan corporation with its headquarters in Coopersville, Michigan.**

7. Upon information and belief, MPM regularly transacts business within the Western District of Michigan, and has sufficient contacts with customers located in this District.

**ANSWER: The allegations in this paragraph contain Plaintiff's legal conclusions to which no response is required. To the extent a response is required, denied as untrue.**

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 139l(c), 139l(d), and 1400(b). MPM is a Michigan corporation, and, thus, a resident of Michigan pursuant to 28 U.S.C. § 1400(b).

**ANSWER: The allegations in this paragraph contain Plaintiff's legal conclusions to**

**which no response is required. By way of further response, admitted that MPM is a Michigan corporation.**

9. This Court has personal jurisdiction over Twin Bay. Twin Bay is a Michigan corporation and has its headquarters in Traverse City, Michigan.

**ANSWER: MPM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

10. Upon information and belief, Twin Bay regularly transacts business within the Western District of Michigan, and has sufficient contacts with customers located in this District.

**ANSWER: MPM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 139l(c), 139l(d), and 1400(b). Twin Bay is a Michigan corporation, and, thus, a resident of Michigan pursuant to 28 U.S.C. § 1400(b).

**ANSWER: MPM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

**PRODUCT DESIGN**

12. MPM is a family owned business currently run by Mr. Nelson Morren.

**ANSWER: Denied as untrue.**

13. Twin Bay is a customer of MPM.

**ANSWER: Admitted.**

14. In 2009, Mr. Dan Morren was employed at MPM.

**ANSWER: Admitted.**

15. In 2009, Mr. Bob Serschen of Twin Bay met with Mr. Nelson Morren at MPM to

discuss Twin Bay's dock flooring supplier raising prices.

**ANSWER: Denied as untrue.**

16. Mr. Dan Morren was introduced to Mr. Serschen and suggested to Mr. Serschen that they develop a new dock flooring design, patent it, and build a new tool mold.

**ANSWER: Denied as untrue.**

17. Mr. Serschen liked this idea.

**ANSWER: Denied as untrue.**

18. Mr. Nelson Morren instructed Mr. Dan Morren to design the new dock flooring.

**ANSWER: Denied as untrue.**

19. After Mr. Dan Morren completed the new dock flooring design, he drove to Twin Bay with Mr. Nelson Morren and they presented it to Mr. Serschen.

**ANSWER: Admitted only that the parties met in 2008 to discuss the completed dock flooring design. All other allegations are denied as untrue.**

20. Mr. Serschen approved of the new dock flooring design.

**ANSWER: Admitted only that the dock flooring design was approved in 2008. All other allegations are denied as untrue.**

21. Mr. Nelson Morren instructed Mr. Dan Morren to obtain a patent on his new dock flooring design.

**ANSWER: Denied as untrue.**

**MR. DAN MORREN'S PATENT**

22. Mr. Morren's patent application for his new dock flooring design was filed on December 17, 2009, as U.S. Patent Application No. 29/352,216.

**ANSWER: MPM lacks knowledge or information sufficient to form a belief as to the**

**truth or falsity of the allegations in this paragraph.**

23. United States Design Patent No. D615,671 entitled "Diamond Pattern Dock Floor" ("the '671 Patent") was duly issued by the United States Patent and Trademark Office on May 11, 2010. A true and correct copy of the '671 Patent is attached as ***Exhibit A***.

**ANSWER: MPM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

24. The '671 Patent is owned by Mr. Morren.

**ANSWER: Denied as untrue.**

25. The '671 Patent has not been assigned or licensed to anyone, including the defendants.

**ANSWER: MPM is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

**INFRINGEMENT BY MPM AND TWIN BAY**

26. In late 2009, a meeting was held at MPM where it was discussed how much MPM would pay Mr. Dan Morren for sales or products incorporating Mr. Dan Morren's new dock flooring design.

**ANSWER: Denied as untrue.**

27. During this 2009 meeting, Mr. Nelson Morren proposed that Mr. Dan Morren receive a $1 per-part payment.

**ANSWER: Denied as untrue.**

28. MPM and Twin Bay shared in the tooling cost for a mold to make parts incorporating Mr. Dan Morren's new dock flooring design.

**ANSWER: Admitted only that MPM and Twin Bay shared in the tooling cost for a mold**

**to make parts incorporating the new dock flooring design. All other allegations are denied as untrue.**

29. MPM has and continues to make, use, import, offer to sell and/or sell in the United States a dock flooring product that infringes the ‘671 Patent, as illustrated by the photographs attached as ***Exhibit B*** (“the Accused Product”).

**ANSWER:** **Denied as untrue.**

30. Twin Bay has and continues to make, use, import, offer to sell and/or sell in the United States a dock flooring product that infringes the ‘671 Patent, as illustrated by the photographs attached as ***Exhibit C*** (“the Accused Product”).

**ANSWER:** **Denied as untrue.**

31. Upon information and belief, MPM sold over 10,000 pieces of a dock flooring product that infringes the ‘671 Patent in 2016.

**ANSWER:** **Denied as untrue.**

32. Upon information and belief, Twin Bay is the primary customer of MPM who purchases the dock flooring product that infringes the ‘671 Patent.

**ANSWER:** **Denied as untrue.**

33. MPM has not paid Mr. Dan Morren for any sales of dock flooring products that infringe the ‘671 Patent.

**ANSWER:** **Denied as untrue.**

34. On March 2, 2017, Mr. Nelson Morren told Mr. Dan Morren that he owed Mr. Dan Morren “a lot of money” and they “needed to get this worked out.”

**ANSWER:** **Admitted only that Mr. Nelson Morren said he owed Mr. Dan Morren money. All other allegations are denied as untrue.**

35. Mr. Nelson Morren has refused to enter into a patent licensing agreement.

**ANSWER: Denied as untrue.**

36. Upon information and belief, MPM was aware of the '671 Patent.

**ANSWER: Admitted.**

37. Upon information and belief, Twin Bay was aware of the '671 Patent.

**ANSWER: MPM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

38. MPM is also put on notice of its infringement of the '671 Patent by way of the filing and service of this Complaint.

**ANSWER: Denied as untrue.**

39. Twin Bay is also put on notice of its infringement of the '671 Patent by way of the filing and service of this Complaint.

**ANSWER: Denied as untrue.**

**COUNT I**
**PATENT INFRINGEMENT OF THE '671 PATENT UNDER 35 U.S.C. § 271(A) BY MPM**

40. Mr. Morren incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

**ANSWER: MPM incorporates by reference each and every one of the preceding answers as if set forth fully herein.**

41. MPM made, used, sold, or offered for sale, dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent.

**ANSWER: Denied as untrue.**

42. The foregoing activities of MPM constitute infringement of the '671 Patent in

violation of 35 U.S.C. § 271(a), and MPM will continue to infringe the '671 Patent until and unless enjoined by this Court.

**ANSWER:** **Denied as untrue.**

43. MPM has, by its conduct, caused Mr. Dan Morren irreparable harm for which there is no adequate remedy at law.

**ANSWER:** **Denied as untrue.**

44. Mr. Dan Morren has suffered damage as a result of MPM's infringement to date.

**ANSWER:** **Denied as untrue.**

45. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

**ANSWER:** **The allegations in this paragraph contain Plaintiff's legal conclusions to which no response is required. To the extent a response is required, denied as untrue.**

## COUNT II
## WILLFUL PATENT INFRINGEMENT OF THE '671 PATENT UNDER 35 U.S.C. § 271(A) BY MPM

46. Mr. Morren incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

**ANSWER:** **MPM incorporates by reference each and every one of the preceding answers as if set forth fully herein.**

47. MPM made, used, sold, or offered for sale, dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent.

**ANSWER:** **Denied as untrue.**

48. The foregoing activities of MPM constitute infringement of the '671 Patent in violation of 35 U.S.C. § 271(a), and MPM will continue to infringe the '671 Patent until and unless enjoined by this Court.

**<u>ANSWER:</u> Denied as untrue.**

49. MPM has, by its conduct, caused Mr. Dan Morren irreparable harm for which there is no adequate remedy at law.

**<u>ANSWER:</u> Denied as untrue.**

50. MPM's infringement has been willful by making, using, selling or offering dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent with knowledge that its conduct was an infringement of Mr. Dan Morren's '671 Patent.

**<u>ANSWER:</u> Denied as untrue.**

51. Mr. Dan Morren has suffered damage as a result of MPM's willful infringement to date.

**<u>ANSWER:</u> Denied as untrue.**

52. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

**<u>ANSWER:</u> The allegations in this paragraph contain Plaintiff's legal conclusions to which no response is required. To the extent a response is required, denied as untrue.**

## <u>COUNT III</u>
## PATENT INFRINGEMENT OF THE '671 PATENT UNDER 35 U.S.C. § 271(A) BY TWIN BAY

53. Mr. Morren incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

**<u>ANSWER:</u> MPM incorporates by reference each and every one of the preceding answers as if set forth fully herein.**

54. Twin Bay made, used, sold, or offered for sale, dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the**

**extent a response is required, denied as untrue.**

55. The foregoing activities of Twin Bay constitute infringement of the '671 Patent in violation of 35 U.S.C. § 271(a), and MPM will continue to infringe the '671 Patent until and unless enjoined by this Court.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the extent a response is required, denied as untrue.**

56. Twin Bay has, by its conduct, caused Mr. Dan Morren irreparable harm for which there is no adequate remedy at law.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the extent a response is required, denied as untrue.**

57. Mr. Dan Morren has suffered damage as a result of Twin Bay's infringement to date.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the extent a response is required, denied as untrue.**

58. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the extent a response is required, denied as untrue.**

**<u>COUNT IV</u>**
**WILLFUL PATENT INFRINGEMENT OF THE '671 PATENT UNDER 35 U.S.C. § 271(A) BY TWIN BAY**

59. Mr. Morren incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

**<u>ANSWER:</u> MPM incorporates by reference each and every one of the preceding answers as if set forth fully herein.**

60. Twin Bay made, used, sold, or offered for sale, dock flooring products that

incorporate the design of Mr. Dan Morren's '671 Patent.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the extent a response is required, denied as untrue.**

61. The foregoing activities of Twin Bay constitute infringement of the '671 Patent in violation of 35 U.S.C. § 271(a), and Twin Bay will continue to infringe the '671 Patent until and unless enjoined by this Court.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the extent a response is required, denied as untrue.**

62. Twin Bay has, by its conduct, caused Mr. Dan Morren irreparable harm for which there is no adequate remedy at law.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the extent a response is required, denied as untrue.**

63. Twin Bay's infringement has been willful by making, using, selling or offering dock flooring products that incorporate the design of Mr. Dan Morren's '671 Patent with knowledge that its conduct was an infringement of Mr. Dan Morren's '671 Patent.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the extent a response is required, denied as untrue.**

64. Mr. Dan Morren has suffered damage as a result of Twin Bay's willful infringement to date.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the extent a response is required, denied as untrue.**

65. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

**<u>ANSWER:</u> This Count relates to Twin Bay, therefore, no response is required. To the**

**extent a response is required, denied as untrue.**

**AFFIRMATIVE AND OTHER DEFENSES**

MPM alleges and asserts the following affirmative defenses in response to Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative. MPM reserves the right to assert additional defenses and/or counterclaims if their existence is established through discovery or investigation.

1. MPM does not and has not infringed, induced infringement of, or contributed to the infringement of any valid claim of the '671 patent, willfully or otherwise.

2. The '671 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 102 and 103. Among other things, the subject design was "on sale" more than a year before the patent application was filed.

3. Plaintiff's claims may be barred by 35 U.S.C. § 286, or other limitations period.

4. Plaintiff is barred by 35 U.S.C. § 287 from recovering full or partial damages or other remedies from MPM.

5. Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs from MPM.

6. Any claim for damages or equitable relief by Plaintiff is barred by the equitable doctrines of laches, waiver, equitable estoppel, unclean hands, or acquiescence.

7. MPM provided the resources necessary for Plaintiff to file the '671 patent, including but not limited to, money for the patent application. Accordingly, MPM constructively owns the '671 patent.

8. Plaintiff has an adequate remedy at law, and no basis exists for the grant of equitable relief.

9. Plaintiff has failed to state a claim upon which relief can be granted.

10. MPM reserves the right to assert additional defenses, affirmative or otherwise, if their existence is established through discovery or investigation, particularly with respect to any inequitable conduct on behalf of Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Defendant MPM respectfully requests that this Court grant a Judgment in its favor and against Plaintiff, and hold that Plaintiff's Complaint states no cause of action, and award to Defendant all proper relief this Court deems just and proper, including all costs, interest and attorney fees associated with defending this action.

## RELIANCE ON JURY DEMAND

Defendant MPM hereby relies on Plaintiff's demand for a jury in this matter.

Respectfully submitted,

VARNUM
Attorneys for Defendant Morren Plastic
Molding, Inc.

Dated: August 24, 2017

By: /s/ Maureen E. O'Brien
Aaron M. Phelps (P64790)
Maureen E. O'Brien (P80175)
Business Address, Telephone, and E-mail:
P.O. Box 352
Grand Rapids, MI 49501-0352
616/336-6000
amphelps@varnumlaw.com
meobrien@varnumlaw.com

12100330_1.docx